## LIABILITY OF MUNICIPALITY FOR UNNECESSARY DESTRUCTION OF SHADE TREES.

Circuit Court of Tuscarawas County.

VILLAGE OF NEWCOMERSTOWN v. SHELDON DICKENSON. *

Decided, December Term, 1905.

*Shade Trees—Unnecessary Destruction of, in Improving Street—Municipality Liable Therefor.*

The officers of a municipality have no right to destroy shade trees growing in the street in front of the property of an abutting owner, unless their removal becomes necessary in order that the space may be used for street purposes; and an abutting owner who has been injured by the unnecessary destruction of his trees may recover damages from the municipality therefor.

---

* Affirmed by the Supreme Court without opinion, *Newcomerstown* v. *Dickenson*, 77 Ohio St., 597.

McCARTY, J. (orally); DONAHUE, J., and TAGGART, J., concur.
Error to common pleas court.

This case presents simply the question as to whether the town
council of the village of Newcomerstown had the right to pass
a resolution and ordinance which authorized the cutting down
and removal of some shade trees.   Mr. Dickenson had some
valuable maple shade trees in front of his lot.   They were pretty
near at the street, but were inside the curbing.   Council caused
at one time an ordinance to be passed for the removal of all trees,
and without any notice to him until about the time they were
commencing to cut them down, that they were to remove his
trees.   Well, he had three large maple trees in his lot which the
street pavement went around and left inside, and the village
authorties proceeded to cut them down, and the action was
brought for damages for so doing.   And they set up several de-
fenses, and three or four of those defenses were demurred to, and
overruled, and exceptions taken, and so the whole matter is be-
fore us on error—whether the court below did right, first, in
holding that demurrer to those grounds of defense ought not to
have been sustained, and second, as to whether the verdict is
sustained by proper and sufficient evidence so as to entitle the
plaintiff to recover.

We have carefully gone over the case, and have reached the
conclusion that the town council did not have any right to cut
down those shade trees, unless it was necessary to take them out
for the purpose of using the ground for street purposes.   Some
people place more stress on shade trees than they do upon any-
thing else.   Some people nourish them and cherish them and
live under them and prefer to have them allowed to remain, and
they object when anybody interferes, and whenever it is unneces-
sary to take them away for any other purpose than for the pur-
pose of streets, the authorities violate a property right in remov-
ing or interfering with them.

A motion was made for a new trial in this case, and also for a
judgment for the two or three hundred dollars awarded as dam-
ages, but the motion for a new trial was overruled and exception
taken, and the case came here on a petition in error.   We find
no error in this proceeding and therefore hold that the judg-
ment should be affirmed with costs.